Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8146 | **DATE** | 12/14/2001 |
| **CASE TITLE** | Automotive Finance corp. vs. Ridge Chrysler Plymouth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Because so many paragraphs in the Answer are improper, it is stricken in its entirety. Leave is granted to file a self-contained Amended Answer in this Court's chambers on or before December 26, 2001, failing which all of the corresponding allegations of the Complaint will be deemed admitted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/14/2001 | |
| | | 01 DEC 14 PM 3:17 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUTOMOTIVE FINANCE CORPORATION,  )
                                 )
            Plaintiff,            )
                                 )
    v.                            )   No.  01 C 8146
                                 )
RIDGE CHRYSLER PLYMOUTH L.L.C.,   )
et al.,                           )
                                 )
            Defendants.            )

MEMORANDUM ORDER

During the course of the previously-scheduled December 12 status hearing in this action, counsel for defendants Ridge Chrysler Plymouth L.L.C. ("Ridge") and Gerald Gorman ("Gorman") moved orally for leave to file their appearances and their Answer to the Complaint brought against them by Automotive Finance Corporation. This Court immediately granted such leave, but its subsequent opportunity to review the tendered Answer has demonstrated the unwisdom of giving anyone (except perhaps a spouse) an already-signed blank check. It turns out that there are a few troublesome aspects of the Answer that call for further attention by the Ridge-Gorman lawyers. They will be addressed briefly here.

First, Answer ¶3 includes a disclaimer of the type that is permitted by the second sentence of Fed. R. Civ. P. ("Rule") 8(b). But in this instance that disclaimer relates to the identity of one of the two Complaint-asserted members of Ridge, an Illinois limited liability company. It is really

inconceivable, of course, that Ridge does not know the identity of its own members. And because the states of citizenship of those members are critical to the existence or nonexistence of diversity jurisdiction (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)), Ridge is ordered to include that information in the Amended Answer provided for later in this opinion.[1]

Next, the Answer is chock-full of nonresponses to the Complaint's allegations about the Credit Agreement whose asserted violation forms the gravamen of part of the Complaint--instead Answer ¶¶7-11 simply state that the Agreement "speaks for itself" and then go on to deny any allegation in each of the corresponding paragraphs of the Complaint "that is inconsistent therewith." As for the unacceptable "speaks for itself" locution, see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). And as for the Answer's lame attempt to deny Complaint allegations that are assertedly "inconsistent" with the document, that invitation to read the pleader's mind regarding any purported inconsistencies is totally uninformative. All of those paragraphs of the Answer are therefore stricken.

That same flaw taints Answer ¶14, which makes the same

---

[1] It does not matter that Answer ¶5 has admitted the pro forma jurisdictional allegations of Complaint ¶5, for in that respect it is the underlying jurisdictional facts and not the barebones legal conclusion that must control.

nonresponse as to a second document. Answer ¶14 is also stricken, and no reason appears to exist as to why defendants should not simply admit Complaint ¶14.[2]

Finally, Gorman repeatedly commits the same sin in Answer ¶¶23-26, failing to answer a whole series of allegations as to an Unconditional Guaranty that he signed. Those nonresponses are stricken as well.

Because so many paragraphs in the Answer are improper, it is stricken in its entirety--a desirable way to avoid a patchwork pleading scheme that would require readers to refer to more than one document to see just what is and what is not being denied (or deemed denied). Leave is granted to file a self-contained Amended Answer in this Court's chambers on or before December 26, 2001, failing which all of the corresponding allegations of the Complaint will be deemed admitted.[3]

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: December 14, 2001

---

[2] That would also appear to be true in whole or in part as to the allegations in Complaint ¶¶7-11.

[3] No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's own errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).